PER CURIAM.
This is an appeal from a final judgment in a maritime case in which appellant, Ramon Cabarcas Porto, a seaman, sought damages from appellee, Carnival Cruise Lines, Inc. (Carnival), for an injury sustained during the course of his employment. The jury found in favor of Carnival on all counts. We reverse and remand.
Appellant claimed to have suffered an injury while reboarding the ship. Carnival had provided maintenance and cure. However, appellant contended that the amount provided was insufficient. Appellant sought, pursuant to the Jones Act and general maritime law, additional maintenance and cure, punitive damages arising from Carnival’s failure to provide maintenance and cure, and compensatory damages arising from Carnival’s alleged negligence.
At trial, the court instructed the jury on the elements the appellant had to prove to establish a compensatory damage claim arising from Carnival’s failure to provide maintenance and cure. The trial' court instructed the jury as follows:
Therefore, in order to award damages to plaintiff for the failure of the defendant to provide maintenance and cure, you must first find:
(1) That the plaintiff was entitled to maintenance and cure;
(2) That it was not provided;
(3) That such failure resulted in injury to the plaintiff.
In this case, appellant sought recovery of compensatory damages arising from Carnival’s negligence. Appellant was not seeking compensatory damages arising from Carnival’s failure to provide maintenance and cure. On appeal, appellant’s primary *395 contention is that the above instruction misled the jury into believing that appellant needed to prove an additional element, “injury suffered as a result of the failure to provide maintenance,” in order to award maintenance and cure.
We therefore conclude that giving the above instruction was error and prejudiced the jury’s findings on appellant’s maintenance and cure claim and punitive damages claim arising from appellant’s failure to provide maintenance and cure. When a seaman becomes injured while in the service of his ship, the shipowner must pay him maintenance and cure, whether or not the shipowner was at fault. Gaspard v. Taylor Diving & Salvage Co., Inc., 649 F.2d 372 (5th Cir.1981), cert. denied, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982).
Finding no merit in appellant’s other contentions, we reverse the final judgment and remand the cause for a new trial on appellant’s claims for maintenance and cure, and punitive damages arising from appellant’s failure to provide maintenance and cure.
Reversed and remanded.